UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,                 CIVIL ACTION NO. 98-74220

      v.                     DISTRICT JUDGE PAUL D. BORMAN

DARYL L. SHACKELFORD,        MAGISTRATE JUDGE VIRGINIA MORGAN

           Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter is before the court on the defendant's Motion to Set Aside Default Judgment. (D/E 17)   Finding that the motion is not meritorious and that under 28 U.S.C. § 636(b), it is a post-judgment motion seeking relief, IT IS RECOMMENDED that the motion BE DENIED and counsel be ordered to show cause why sanctions shall not be imposed.

This action is a student loan case where a default judgment was entered in November, 1998.  Seven years later, defendant seeks to set aside that judgment.  The instant  motion, filed March 10, 2006, is identical to one filed by counsel on October 18, 2005.  The government filed a response to the first motion, and the motion was heard by the magistrate judge on November 28, 2005.  Counsel for defendant did not appear at oral argument and the motion was denied.  On November 30, 2005, a written order denying the Motion to Set Aside Default Judgment was entered and docketed.  No further filings were made in the case until the motion was re-filed.

- 1 -

Defense counsel did not contact the court to explain his absence, ask for re-hearing or re-consideration, appeal the order to the district judge, or otherwise seek relief from the order.

In the instant motion, defense counsel does not refer to or acknowledge the filing of the earlier motion or its denial.  At this stage, review of the decision is inappropriate based upon the doctrine of the law of the case.  That doctrine does not limit a court's power, but rather directs its exercise of discretion.  Lambert v. Blackwell, 387 F.3d 210 (3rd Cir. 2004).  Here, defendant has not raised any issue of manifest injustice or other basis that would justify exercise of the court's discretion to grant relief.  See, Bertolet v. Bray, 277 F.Supp.2d 835 (S.D. OH 2003).  Indeed, there is no claim that he does not owe the underlying debt.  Although he alleges that he was not able to attend the classes for which he received the student loan because he was without a high school diploma or a GED, he does not deny that he received the money.  Having been properly served some seven years ago and been granted an opportunity to litigate then and not showing any excusable neglect, this claim to reopen the proceedings comes too late.  See, Assoc. International Insurance v. Crawford, 182 F.R.D. 623 (DC 1998).  The re-filing without explanation could subject counsel to Rule 11 sanctions.  (See, FRCP Rule 11(b)).

Additionally, the motion, if considered on the merits, should be denied.  As noted by the government in its response, the facts do not support defendant's claim that the default judgment should be set aside on the grounds of non-service.  Defendant was served October 7, 1998 and defendant signed the domestic return receipt on that date.  (Ex. 1 to Government's Response) Without a basis in fact to file the motion, the motion is frivolous.

FRCP Rule 11(c)(B) provides that the court may initiate imposition of appropriate sanctions after notice and a reasonable opportunity to respond.  The court may enter an order describing the specific conduct that appears to violate Rule 11 and provide the law or party an opportunity to show cause why it has not violated the Rule.  In this case, the conduct which is sanctionable is the following:

- Failing to withdraw the original motion alleging non-service when the facts demonstrated that defendant had indeed been properly served.

- Re-filing the identical motion after failing to appeal, object, or otherwise seek review of the initial order denying the motion.

Counsel is also advised that frivolous objections to the Report and Recommendation may also subject counsel to sanctions in the discretion of the district judge.

Accordingly, it is recommended that the motion be denied and counsel be ordered to show cause in writing on or before July 14, 2006, why he should not be required to pay to the Clerk of Court $500.00 as a sanction for refiling the instant motion without basis.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir.

- 3 -

1991); <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987).

Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this

magistrate judge.

 Within ten (10) days of service of any objecting party's timely filed objections, the

opposing party may file a response.  The response shall be no more than 20 pages in length

unless, by motion and order, the page limit is extended by the court.  The response shall address

each issue contained within the objections specifically and in the same order raised.


     s/Virginia M. Morgan
    VIRGINIA M. MORGAN
    UNITED STATES MAGISTRATE JUDGE

Dated:   June 19, 2006


---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing Report and Recommendation was served upon counsel of record via the Court's ECF System and/or U. S. Mail on June 19, 2006.

    s/Jennifer Hernandez
    Case Manager to
    Magistrate Judge Virginia M. Morgan